**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**ROGER JOE LADNER**                                                               **PETITIONER**
Reg #16374-043

VS.                          CASE NO.: 2:14CV00104 BSM/BD

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                             **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. Mr. Ladner–or any party–may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II. Background

Petitioner Roger Joe Ladner, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #1), challenging a prison disciplinary conviction. Warden C.V. Rivera has responded to the petition. (#5)

During the time relevant to this petition, Mr. Ladner was housed in the Federal Prison Camp in Oakdale, Louisiana ("FPC-OAK"). On August 24, 2013, Mr. Ladner entered the FPC-OAK Food Service Department and had a conversation with Cook Supervisor Patton. The content of the conversation is disputed by the parties. The result, however, is not disputed. Mr. Ladner received disciplinary charges for offering a bribe, making a sexual proposal, and insolence toward staff.

On August 28, 2013, the FPC-OAK Unit Discipline Committee ("UDC") held a hearing on the incident report. The UDC referred the incident report to the Discipline Hearing Officer ("DHO"). The DHO held a hearing on September 23, 2013 and found Mr. Ladner guilty of the sexual-proposal charge, guilty of a charge related to offering a bribe (disruptive conduct most like offering a bribe), and not guilty of the insolence-

toward-staff charge. As a result, Mr. Ladner lost 54 days of good-conduct time, received six months of disciplinary segregation, and lost one year of commissary, phone, and visitation privileges.

Mr. Ladner filed the current federal petition claiming that FPC-OAK officials failed to provide him with the Incident Report, denied his request to call a witness, and found him guilty of a charge that did not match the facts. (#1) In his reply, Mr. Ladner also claims that FPC-OAK officials denied his request for staff assistance in presenting his defense and denied him a hearing before an impartial tribunal. (#7) Mr. Ladner asks the Court to reverse his disciplinary conviction or order a new DHO hearing.

### III.  Discussion

In the prison setting, inmates are entitled to due process protections, but at a substantially reduced level, as compared with due process rights of those in the free world. When revoking good-conduct time, a prisoner is entitled to these due process rights: (1) advance written notice of the disciplinary violation; (2) an opportunity, with some exceptions, to call witnesses and present a defense, and (3) a written statement by the fact-finders as to the evidence relied upon and the reasons for the disciplinary action taken. *Dible v. Scholl*, 506 F.3d 1106, 1110 (8th Cir. 2007)(citing *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985) and *Wolff v. McDonnell*, 418 U.S. 539, 564-571, 94 S.Ct. 2963 (1974)). Mr. Ladner brings claims implicating all three of these protections.

A.   *Notice of Violation*

Mr. Ladner claims that he did not receive advance written notice of his disciplinary violation. (#1) The record, however, does not support his assertion.

Mr. Ladner acknowledges that Lt. Allen interviewed him on the day of the incident. Lt. Allen indicated by his signature that he delivered the Incident Report to Mr. Ladner at that time. (#5-1, p. 16) Mr. Ladner, however, claims that Lt. Allen did not have an Incident Report to provide him. (#1, p. 3)

Four days after the incident, Mr. Ladner attended a UDC hearing. He claims that at his UDC hearing, he requested a copy of the Incident Report and the testimony of a witness, inmate Avilo. (#1, p. 2) Mr. Ladner claims both of these requests were denied. He says that he refused to sign the DHO referral notice because the UDC refused to provide a copy of the report and allow inmate Avilo's testimony. (#1, pp. 2-3)

FPC-OAK officials prepared a Notice-of-Discipline-Hearing-Before-the-DHO form. (#5-1, pp. 18-19) The form was signed by staff and included a note that Mr. Ladner was unable to sign the form because he was handcuffed. (#5-1, pp. 18-19)

The DHO report also notes that Mr. Ladner received advance written notice of the charges. (#5-1, p. 20) Mr. Ladner claims the DHO report was falsified. (#1, p. 3) DHO Melton completed a declaration stating that Lt. Allen delivered the incident report to Mr. Ladner on August 24, 2013. (#5-1, p. 3) DHO Melton also stated that Mr. Ladner acknowledged to him that he had received a copy of the incident report. (#5-1, pp. 4, 7)

Mr. Ladner, however, maintains that DHO Melton refused his requests for a copy of the Incident Report. (#1, p. 3)

The purpose of advance written notice is to allow an accused inmate the chance to "marshal the facts and prepare a defense." *Dible*, 506 F.3d at 1110 (citing *Wolff*, 418 U.S. at 564). Mr. Ladner clearly had this opportunity through the initial interview with Lt. Allen, when Lt. Allen noted the charges and allegations against Mr. Ladner, and the UDC hearing, when again the charges and allegations were presented. The interview and UDC hearing occurred about a month before the DHO hearing. Regardless, this Court credits the incident report, notice-of-discipline-hearing form, the DHO report, and DHO Melton's declaration in finding that Mr. Ladner received advance written notice of the disciplinary violation. (#5-1, pp. 1-8, 16-23)

    B.    *Hearing Witness*

Mr. Ladner claims that he requested the presence of a witness at his DHO hearing, but that FPC-OAK officials denied the request. (#1) As with Mr. Ladner's notice claim, the record does not support his assertion.

The incident report indicates that Mr. Ladner did not identify any witnesses to the incident. (#5-1, p. 17) The notice-of-discipline hearing form indicates that Mr. Ladner did not wish to have a witness testify. (#5-1, p. 18) The DHO report states that Mr. Ladner did not request any witnesses. (#5-1, p. 20) And according to DHO Melton's declaration, Mr. Ladner did not identify any witnesses that he wanted to call to testify.

(#5-1, p. 7)  This Court credits the documentary evidence and DHO Melton's declaration over Mr. Ladner's claim that the documents and declaration were falsified.

      C.    *Aid of a Staff Member*

In his reply, Mr. Ladner claims FPC-OAK officials denied his request for a staff member's assistance in presenting his defense.  (#7)  As with Mr. Ladner's other claims, the record does not support this allegation.

The notice-of-discipline hearing form indicates that Mr. Ladner did not wish to have a staff representative.  (#5-1, p. 18)  Mr. Ladner claims that he requested representation, but that Counselor Hill and Case Manager McQuillen fabricated the form in order to deceive the Court.  (#7, p. 2)  The DHO report shows that Mr. Ladner waived his right to a staff representative.  (#5-1, p. 20)  Mr. Ladner claims the DHO report was also fabricated.  (#7, pp. 4-5)  DHO Melton states that he informed Mr. Ladner about his right to representation at the hearing but that Mr. Ladner did not raise any issue about the discipline process at that point.  (#5-1, p. 4)  In response, Mr. Ladner accuses DHO Melton of perjury.  (#7, pp. 4-5)  This Court again credits the documentary evidence and DHO Melton's declaration over Mr. Ladner's unsupported allegations.

      D.    *Impartial Tribunal*

In his reply, Mr. Ladner also claims that DHO Melton was not impartial.  (#7, p. 3)  For support, he notes that DHO Melton credited Cook Supervisor Patton's version of events over Mr. Ladner's.  (#7, p. 3)  Under this reasoning, every instance of a DHO's

crediting a staff member over an inmate would show that the DHO was not impartial. This claim has no merit.

      E.    *Evidence Supporting the Disciplinary Conviction*

In addition to the procedural requirements for disciplinary proceedings, prison officials must support disciplinary convictions with "some evidence" to comport with due process requirements. *Flowers v. Anderson*, 661 F.3d 977, 980 (8th Cir. 2011)(citing *Superintendent*, 472 U.S. at 455, 105 S.Ct. at 2774). In determining whether there was some evidence to support the disciplinary conviction, the Court is not called upon to examine the entire record, to independently assess the credibility of witnesses, or to weigh the evidence. *Id*. Instead, the relevant question is whether there is evidence in the record that supports the disciplinary conviction. *Id*.

In this case, the DHO considered the statements of Cook Supervisor Patton and Mr. Ladner. (#5-1, pp. 20-22) The DHO found the greater weight of evidence supported Cook Supervisor Patton's account. (5-1, p. 22) Cook Supervisor Patton's statement provided "some evidence" that Mr. Ladner committed the charged offenses. Accordingly, Mr. Ladner's claim that the evidence did not support his disciplinary conviction fails.

    F.    *Disputed Facts*

In habeas proceedings, the Court is charged with determining the facts. 28 U.S.C. § 2243. Documents, affidavits, and declarations are admissible evidence. 28 U.S.C. §§ 2246, 2247.

DHO Melton's declaration, and all of the documentary evidence, directly contradict Mr. Ladner's allegations. Mr. Ladner claims that Counselor Hill, Case Manager McQuillen, Lt. Allen, Cook Supervisor Patton, and DHO Melton all lied or fabricated documents to support the disciplinary conviction. (#1, #7) Mr. Ladner also claims that DHO Melton committed perjury as part of this alleged cover up. (#7, pp. 4-5) Mr. Ladner has not provided any documentary evidence, witness statements, affidavits, or declarations to support his claims. Without any support beyond his own statements, the Court cannot credit Mr. Ladner's allegations that at least five FPC-OAK officials lied or fabricated documents to support his disciplinary conviction.

## IV.   Conclusion

FPC-OAK officials afforded Mr. Ladner all of the process he was due, and the disciplinary conviction is supported by some evidence. Accordingly, Mr. Ladner's petition for a federal writ of habeas corpus should be DENIED and DISMISSED, with prejudice.

DATED this 3rd day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE